UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**CORRINE ST. HILAIRE AND JOHN MANSUR,**
    Plaintiffs,

CASE NO. 2:23-cv-1051

V.

**HARTFORD INSURANCE COMPANY OF THE MIDWEST**,
    Defendant.
_____/

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes the Defendant, Hartford Insurance Company of the Midwest ("Hartford"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] at the expense of the United States which files this Notice of Removal pursuant to 28 U.S.C. §1446, and states as follows:

1. On October 18, 2023, Plaintiffs filed a Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, entitled "*Corrine St. Hilaire and John Mansur v. Hartford Insurance Company of the Midwest,*" and filed under Case No. 23-CA-004021, a copy of which is attached as Ex. 1.

---

[1] *See* 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(g).
[3] 42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1315 (11th Cir. 2003); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

2. For the reasons that follow, Hartford hereby removes this case from state court to this United States District Court, based upon the grant of original jurisdiction found at 42 U.S.C. §4072, federal question jurisdiction found at 28 U.S.C. §1331, regulation of commerce jurisdiction found at 28 U.S.C. §1337, and pendent jurisdiction found at 28 U.S.C. §1367.

3. Removal is premised upon the face of the Plaintiffs' Complaint. Therefore, Hartford directs this Court's attention to the allegations set forth in the Plaintiffs' Complaint, which assert federal claims against Hartford.

### REVIEW OF THE PLAINTIFFS' COMPLAINT

4. At paragraph 1 of the Complaint, Plaintiffs allege that this is an action in which the amount in controversy is more than fifty thousand dollars ($50,000.00), exclusive of interest, attorney's fees and costs.

5. At paragraphs 2-4 of the Complaint, Plaintiffs allege that Hartford issued policy number 87040994332019 to Plaintiffs in Charlotte County, Florida, for their residence located at 4338 Knollwood Dr., Punta Gorda, FL 33982. See attached Flood Declarations Page for policy number 87040994332019 attached as Exhibit 2.

6. At paragraphs 5-11, Plaintiffs allege that their property was damaged by water on or about 9/28/2022; that Hartford was notified of the loss; that Hartford inspected the property, but denied coverage for the claim; and Plaintiffs suffered damages.

7. At paragraphs 12-15 of the Complaint, Plaintiffs allege that Hartford's refusal to pay for the Plaintiffs' claim was contrary to the terms of the policy, was a breach of the contract of insurance, and resulted in damages to the Plaintiffs.

8. And finally, in the demand for judgment paragraph of the Complaint, Plaintiffs request an award against the Defendant for damages including but not limited to the building, contents, loss of use, interest allowed by law and reasonable attorneys fees and costs.

9. Based upon these allegations, Hartford respectfully removes this matter to this United States District Court and asserts numerous bases that establish federal jurisdiction.

## THE FEDERAL REGULATORY SCHEME

10. Hartford, as a WYO carrier, is authorized by the Federal Emergency Management Agency ("FEMA"), pursuant to A Financial Subsidy Arrangement ("the *Arrangement"),* to issue Standard Flood Insurance Policies on behalf of the federal government. (Ex. 3) The Standard Flood Insurance Policy ("SFIP") is a codified federal law found at 44 C.F.R., Part 61, App. A(1). The SFIP is incorporated into the Code of Federal Regulations at 44 C.F.R. §61.13(a).

11. Hartford cannot waive, alter or amend any of the provisions of the SFIP. *See,* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(C).

12. All flood claim payments by a WYO carrier, such as Hartford, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by the Arrangement at Art. III (E). (Ex. 3) "Payments made pursuant to that policy

3

are 'a direct charge on the public treasury.'" *Gowland v. Aetna,* 143 F.3d 951, 955 (5th Cir.1998) (citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987)). The U.S. Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306 (11th Cir. 2001) (*on rehearing*). The Court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id*. at 1311.

## THE STANDARD FLOOD INSURANCE POLICY

13. At paragraphs 4-10 and 12-15 of the Plaintiffs' Complaint, Plaintiffs allege that Hartford issued a SFIP to the Plaintiffs for the subject property that was in effect at all times material hereto, and thereby provided flood insurance coverage for Plaintiffs' property for the claims raised in Plaintiffs' Complaint. (Ex. 1) Plaintiffs and Hartford are the only parties to this contract of federal flood insurance placed at issue by Plaintiffs. (Ex. 2)

14. Article X of the SFIP states:

> This policy and all disputes arising from the insurer's policy issuance, policy administration, or the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq*.) and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. X.

15. The payments that Plaintiffs seek from Hartford would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland,* 143 F.3d at 955.

# THE FEDERAL GOVERNMENT'S RULES AND THE WYO CARRIER'S ROLE

16. As stated above, a WYO carrier, such as Hartford, is authorized by FEMA pursuant to the *Arrangement* to issue SFIPs. FEMA states that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations. (Ex. 3)

17. More specifically, FEMA again stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the *Arrangement*, and in the following two paragraphs that became effective on October 1, 2020:

> Whereas, FEMA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA arises under the Act or regulations, and legal issues thereunder <u>raise a Federal question</u>; and . . . .

(emphasis added) (Ex. 3, p. 1)

18. With the inception of the WYO Program in 1983, Congress amended 42 U.S.C. §4072 to state that there will be original "exclusive" jurisdiction in federal court for actions on SFIP claims. *See,* Pub.L. 98-181, § 451(d)(5). Thus, from the beginning

of the WYO Program, Congress intended for there to be jurisdiction over all flood litigation to only be in a federal forum.

19. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.

20. Hartford's role, as a WYO carrier and set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. (Ex. 3) Hartford, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(g) and 42 U.S.C. §4071(a)(1). *See Sanz v. United States Security Ins. Co.*, 328 F.3d 1314, 1316, FN 1 (11th Cir. 2003), wherein the Eleventh Circuit explained the relationship between the federal government and the WYO Program carriers. Also see, *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 948 (6th Cir. 2002) and *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 598-99 (4th Cir. 2002).

**EXCLUSIVE FEDERAL JURISDICTION UNDER 42 U.S.C. §4072**

21. Hartford contends that the Plaintiffs' Complaint invokes 42 U.S.C. §4072, which states the following:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against

the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in the controversy. (added emphasis)

22. Plaintiffs sued the Defendant WYO carrier, Hartford, for breach of their SFIP after Hartford's partial denial of Plaintiffs' claim to recover federal flood benefits for losses to their property stemming from flooding that occurred on or about September 28, 2022. Therefore, pursuant to 42 USC §4072, this Court has original "exclusive" jurisdiction over the claims at bar.

### FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331

23. As a separate and additional basis for jurisdiction, Hartford hereby removes this matter pursuant to federal question jurisdiction. Based upon the facts pled by the Plaintiffs, there are numerous federal questions presented by the Complaint.

24. The SFIP is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1). Any interpretation of the SFIP is therefore an interpretation of federal law.

25. Whether the Plaintiffs are owed any additional proceeds under the SFIP necessarily raises federal questions.

26. As such, Hartford contends that this Court has original jurisdiction per 28 U.S.C. §1331. *See Newton v. Capital Assur. Co. Inc.,* 245 F.3d 1306, 1309 (11th Cir. 2001); *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1350, n. 2 (11th Cir. 2000); *McGair v. American Bankers Ins. Co. of Florida*, 693 F.3d 94, 99 (1st Cir. 2012); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171-173 (5th Cir. 2009).

## FEDERAL JURISDICTION UNDER 28 U.S.C. §1337

27. As an additional basis for federal jurisdiction, Hartford contends that 28 U.S.C. §1337 also applies to the case at bar. As this Court is aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce, ...".

28. In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), in analyzing the structure of the NFIP under the National Flood Insurance Act of 1968, as amended, the Court held:

> States have no regulatory control over the Program's operations. [FN3].
>
> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.,* grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. <u>Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance</u>.

(emphasis added).

29. Therefore, original jurisdiction in this Court is conveyed by 28 U.S.C. §1337 as well.

## SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

30. To the extent that any of the other claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C.

§1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

31. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D. Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.,* 97 F. Supp.2d 800 (S.D. Tex. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

32. Hartford first learned of the Complaint on or about October 26, 2023. Thus, the filing of this notice of removal is timely.

33. Venue for this removal is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §1391, as the original suit is pending within the jurisdictional territory of this Court.

34. As per 28 U.S.C. §1446(a), attached hereto as Exhibit 1, 4 and 5 are a copy of the state court record.

35. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiffs through their Counsel of Record and will be filed with the Clerk of Court for the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, in conformity with 28 U.S.C. §1446(d).

WHEREFORE, Defendant, Hartford Insurance Company of the Midwest, prays that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida to the docket of this Honorable Court.

Dated: November 16, 2023              Respectfully submitted:

**NIELSEN & TREAS, LLC**

/s/ John A. Unzicker, Jr.
John A. Unzicker, Jr., FLBA No. 320366
Zareen Zaidi, Esq., FLBA No. 1041187
3838 North Causeway Blvd.
Suite 2850
Metairie, Louisiana 70002
P: 504-837-2500; F: 504-603-0730
Email: junzicker@nt-lawfirm.com
           zzaidi@nt-lawfirm.com
*Counsel for Defendant, Hartford Insurance Company of the Midwest*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ John A. Unzicker, Jr.
John A. Unzicker, Jr.

## SERVICE LIST

**Case No.: 2:23-cv-1051**

Aaron D, Silvers, Esq.
Jeremy T. Schilling, Esq.
Schilling & Silvers, PLLC
1700 NW 64th Street, Suite 460
Fort Lauderdale, FL 33309
E-mail: asilvers@schillingsilvers.com
*Attorney for Plaintiffs*